J-S17015-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRADLEY ALLEN BARTHOLOMEW | : | |
| | : | |
| Appellant | : | No. 2501 EDA 2023 |

Appeal from the Judgment of Sentence Entered August 14, 2023
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0000547-2018

BEFORE: BOWES, J., KING, J., and BENDER, P.J.E.

MEMORANDUM BY BOWES, J.: **FILED NOVEMBER 6, 2024**

Bradley Allen Bartholomew appeals from the judgment of sentence of one to three years of incarceration imposed after the trial court revoked his probation. Before this Court, Bradley W. Weidenbaum, Esquire, has petitioned to withdraw as Appellant's counsel and filed a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). We grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

We glean the following facts from the certified record. In January 2019, Appellant pled guilty to one count of aggravated indecent assault, during which he conceded that he had sexual intercourse with another person without his consent. On April 30, 2019, the trial court sentenced him to one year less a day to two years less a day in jail, followed by five years of probation. After Appellant served the initial jail component of his sentence, the court found

that he had violated the terms of his probation by failing to engage in group therapy and counseling. Appellant's probation was revoked on May 2, 2022, and he was resentenced to forty-two months of probation.

On August 14, 2023, the court held another hearing regarding an alleged probation violation. Therein, Appellant admitted that he tested positive for marijuana seven times, noting "I take full responsibility for my hot urines, yes." N.T. Probation Revocation, 8/14/23, at 4. The testifying probation officer also reported that after the violation summary was filed, Appellant committed several infractions within the group home where he was residing, including chasing an employee and spitting in the face of a resident. The court found that Appellant violated the terms of probation and revoked the same, stating "[b]ecause of the continuing violations and apparently some new more recent conduct that might lead not only to violations but to criminal charges, history is showing us that something different needs to be tried." *Id*. at 9. Accordingly, the court resentenced Appellant to one to three years of incarceration.

Appellant's counsel subsequently moved to withdraw but was ordered by the trial court to file a notice of appeal, at Appellant's request, to preserve his appellate rights. After the timely appeal was filed, the court allowed counsel to withdraw and appointed Attorney Weidenbaum to represent Appellant. The trial court ordered Appellant to file a concise statement pursuant to Pa.R.A.P. 1925(b). We previously recounted the circumstances surrounding the initial stages of the appeal as follows:

On November 14, 2023, Attorney Weidenbaum filed in the trial court a "no merit" letter and accompanying brief, requesting permission to withdraw. Two days later, counsel filed with this Court an application to dismiss the appeal, representing that "there are no justiciable issues of merit." Application to Dismiss Appeal, 11/16/23, at unnumbered 1. We denied the application without prejudice for counsel to file a brief pursuant to **Anders** and **Santiago**. Notwithstanding the "no merit" determination, Attorney Weidenbaum did not file a Pa.R.A.P. 1925(c)(4) statement of intent to withdraw. Nor did he file a Rule 1925(b) concise statement. Instead, counsel filed an **Anders** brief with the trial court, which included a certificate of service stating that a copy was sent to Appellant on January 29, 2024. The trial court transmitted the record to this Court without [a Rule 1925(a)] opinion, and Attorney Weidenbaum subsequently filed an **Anders** brief in this Court, which is largely identical to that filed with the trial court. The brief to this Court includes a certificate of service, dated March 7, 2024, attesting that counsel mailed a copy to Appellant.

**Commonwealth v. Bartholomew**, 2024 WL 3718067, at *1 (Pa.Super. 2024) (non-precedential decision).

On review, we noted that counsel did not file a separate petition to withdraw, only an **Anders** brief. Additionally, we found that Attorney Weidenbaum "did not send Appellant anything other than the **Anders** brief, which compels a finding that he did not apprise Appellant of his rights [as to representation]." **Id**. at *3. This Court therefore denied leave to withdraw, retained panel jurisdiction, and instructed counsel to "send Appellant a letter detailing [his] right to obtain private counsel or raise additional arguments with this Court, the **Anders** brief, and an application to withdraw which complies with [**Commonwealth v. Millisock**, 873 A.2d 748 (Pa.Super. 2005)]." **Id**.

Counsel complied with our mandate and has filed an application to withdraw, which included a letter submitted to Appellant enclosing the *Anders* brief. This matter is now ripe for review. The following legal principles apply to our consideration of counsel's *Anders* brief and application:

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof. . . .
>
> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with *Anders* or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy *Anders*, we will then undertake our own review of the appeal to determine if it is wholly frivolous.

*Commonwealth v. Wrecks*, 931 A.2d 717, 720-21 (Pa.Super. 2007) (citations omitted).

Our Supreme Court has further detailed counsel's duties as follows:

> [I]n the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of

- 4 -

record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Once we conclude that counsel fulfilled all these requirements, we proceed to examine the record to determine whether the case is wholly frivolous. *See Commonwealth v. Yorgey*, 188 A.3d 1190, 1196 (Pa.Super. 2018) (*en banc*).

Based upon our examination of counsel's petition to withdraw and *Anders* brief, we conclude that counsel has substantially complied with the requirements set forth above. He provided an appropriate summary of the facts and procedural history. *See Anders* brief at 13-22. Counsel has now supplied the brief to Appellant and advised him of his right to procure new representation or proceed *pro se* in this Court. Further, although the *Anders* brief does not explicitly state that the appeal would be frivolous, it nonetheless acknowledges frivolity as the proper standard and presents reasons for why none of Appellant's potential claims would have merit. *Id*. at 12, 22-24. Hence, we proceed to "'make an independent judgment to decide whether the appeal is in fact wholly frivolous.'" *Commonwealth v. Flowers*, 113 A.3d 1246, 1249 (Pa.Super. 2015) (quoting *Santiago*, 978 A.2d at 354 n.5).

Counsel discusses two issues that would arguably support an appeal. The first is whether the court abused its discretion in revoking Appellant's probation and resentencing him. *See Anders* brief at 23-24. The second concerns the legality of Appellant's sentence. *Id*. at 22-23. We consider each contention in turn.

Our standard and scope of review are as follows:

When considering an appeal from a sentence imposed following the revocation of probation, our review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing.

Revocation of a probation sentence is a matter committed to the sound discretion of the trial court, and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion.

*Commonwealth v. Parson*, 259 A.3d 1012, 1019 (Pa.Super. 2021) (cleaned up).

We have stated that before the trial court may revoke probation, it must first find, "based on the preponderance of the evidence, that the probationer violated a specific condition of probation or committed a new crime[.]" *Id*. at 1019 (cleaned up). Once a court determines that a violation has occurred, it may then "consider the rehabilitative effectiveness of the probation in deciding whether to revoke probation." *Commonwealth v. Giliam*, 233 A.3d 863, 869 (Pa.Super. 2020). A court has the authority to revoke probation based on acts that fall short of criminal conduct. *See Commonwealth v. Colon*, 102 A.3d 1033, 1042 (Pa.Super. 2014). Further, "[u]nlike a criminal trial where the burden is upon the Commonwealth to establish all of the requisite elements of the offenses charged beyond a reasonable doubt, at a [probation] revocation hearing the Commonwealth need only prove a violation of probation by a preponderance of the evidence." *Parson*, 259 A.3d at 1019 (citation omitted).

In the **Anders** brief, counsel offered the following rationale as to why Appellant could not meritoriously challenge the probation revocation:

Here, the record is clear that the sentencing judge started with a therapeutic approach to treating [Appellant]'s improper sexual manifestations and accorded him an opportunity to participate in group home therapy in a non-incarcerated setting.

Arguably, [Appellant]'s admission on [the] 14th of August 2023[,] as to his using marijuana could give rise to an issue if this alone was the sole reason for the court imposing its new sentence. But is clear from the record discussed above that the court did not want [to] hear about another violation. And, given the assaultive behavior as [c]ited in the . . . hearing it appears that the court's decision to revoke probation and re-sentence [Appellant] to state incarceration was not an abuse of the court's discretion.

On multiple occasions [Appellant] failed to complete or cooperate with the rules of the group home necessitating [the] court's intervention.

**Anders** brief at 23-24.

Upon review, we agree with counsel that this issue is wholly devoid of merit. The record lacks any support for the notion that that the court abused its discretion in revoking Appellant's probation. Appellant readily conceded that he had tested positive for marijuana seven times while on supervision and did not contest that this constituted a violation of an express probationary condition. Having found a violation, the court then properly "consider[ed] the rehabilitative effectiveness of the probation in deciding whether to revoke probation." **Giliam**, 233 A.3d at 869. It is undisputed that Appellant had previously had his probation revoked for failing to abide by counseling and therapy requirements. The record also demonstrates that Appellant was likely

to face additional criminal charges based on his misconduct while in the group home. In light of these circumstances, the court acted within its discretion to revoke probation and impose a jail sentence, as Appellant had shown that supervision was not an effective means of rehabilitation.

The next issue of arguable merit identified by counsel concerns whether the length of the sentence imposed was legal. "When the legality of a sentence is at issue on appeal, our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Prince**, 320 A.3d 698, 700 (Pa.Super. 2024) (citation omitted).

In the **Anders** brief, counsel notes that Appellant's underlying offense, aggravated indecent assault, is a felony of the second degree carrying a maximum sentence of ten years. **See Anders** brief at 22 (citing 18 Pa.C.S. § 3125(a)). He recounts that Appellant was initially sentenced on April 30, 2019, and therefore his maximum date is April 29, 2029. **Id**. Considering the fact that Appellant now faces a maximum of three years in prison, with the term starting on August 14, 2023, counsel contends that the sentence falls within that permitted by law. **Id**. at 23.

Again, we agree with counsel as to this issue. It is clear from the certified record that the sentence imposed does not exceed the statutory maximum, and it is therefore not illegal on that basis. This claim is thus wholly frivolous.

Finally, our "simple review of the record to ascertain if there appear[s] on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated[,]" has revealed no additional issues counsel failed to address.[1]  ***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa.Super. 2018) (*en banc*).  Accordingly, we affirm the judgment of sentence and grant counsel's application to withdraw.

Application of Bradley W. Weidenbaum, Esquire, to withdraw as counsel granted.  Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date:  11/06/2024

_____

[1] We have conducted this examination cognizant of the fact that in violation of probation cases, "our review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing." ***Parson***, 259 at 1019 (citation omitted).

- 9 -