J-S44003-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| JACOB AARON COBLENTZ | : | |
| Appellant | : | No. 951 EDA 2024 |

Appeal from the Judgment of Sentence Entered March 22, 2024
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0000194-2021

BEFORE: NICHOLS, J., MURRAY, J., and LANE, J.

MEMORANDUM BY NICHOLS, J.:  **FILED FEBRUARY 19, 2025**

Appellant Jacob Aaron Coblentz appeals from the judgment of sentence imposed following his convictions for driving under the influence of controlled substances, possession of a controlled substance, and driving on a DUI-suspended license. Appellant's counsel, Kristine C. Mehok, Esq. (Counsel), has filed a petition to withdraw and an **Anders**/**Santiago**[1] brief. After careful consideration, we affirm Appellant's convictions, affirm the judgment of sentence in part, vacate in part, remand for resentencing on the DUI count, and deny Counsel's petition to withdraw.

The trial court set forth the following factual history:

[Pennsylvania State Police Trooper Robert P.] Rawley testified that on [October 18, 2020], he was on routine patrol in Nottingham Township in a marked police vehicle. His job responsibilities while

_____

[1] **Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

on routine patrol include responding to calls for service, crashes and domestic matters. He testified that he is also responsible for enforcing Pennsylvania's criminal code and the Motor Vehicle Code . . . .

At approximately 2:47 a.m. while parked in the parking lot of a Wawa retail store with [a] gas station, Trooper Rawley observed a pick-up truck driven by [Appellant] turn from [State Route] 272 into the Wawa and pull up to a gas pump. Trooper Rawley observed [Appellant] step out of the vehicle and pump gas. [Appellant] then entered the truck and as the truck was driven from the gas pump into a parking spot, Trooper Rawley pulled behind the vehicle, viewed the truck's license plate and ran the plate numbers through the computer in his patrol vehicle. . . .

Trooper Rawley testified that the results of his inquiry revealed that [the] vehicle had been involved in an incident out of Lancaster County, Pennsylvania in 2019 and was associated with [Appellant]. He also learned that [Appellant], the driver of the vehicle, (confirmed by photograph) had a suspended license. He learned shortly thereafter that [Appellant] also had an active bench warrant. Upon learning of [Appellant's] license suspension, he initiated a stop, activating the lights on his patrol vehicle.

As [Trooper Rawley] approached the vehicle, he testified that he observed that the vehicle did not have the required Pennsylvania inspection sticker. On cross-examination, Trooper Rawley confirmed that: he did not observe any traffic infractions prior to his approach to [Appellant's] vehicle, he did not observe any "equipment malfunction" of the vehicle prior to running the license plate, and he had not received any complaints of criminal activity associated with the vehicle. Trooper Rawley also testified on cross-examination that he did not stop the vehicle prior to querying the registration.

Upon Trooper Rawley approaching the truck, [Appellant] initially exited the truck, but was ordered back into the truck. Trooper Rawley testified there was an individual in the passenger seat of the vehicle. Trooper Rawley testified that he observed that [Appellant] was immediately argumentative, appeared to have glassy eyes and had slowed speech. Trooper Rawley testified it was at that point that he focused his attention toward a driving under the influence investigation.

He asked [Appellant] to step out of the vehicle and he refused. After multiple requests, [Appellant] eventually exited his vehicle.

He testified that [Appellant] was unsure of his footing as he walked, had difficulty walking normally and had dilated pupils. Trooper Rawley testified that once out of the vehicle he briefly searched [Appellant's] person for weapons due to [Appellant's] argumentativeness. None were found. Trooper Rawley testified that as a matter of practice, if he observes indications of impairment, he requests the driver participate in field sobriety tests. He asked [Appellant] to consent to a field sobriety test, but he refused. [Appellant] refused all requests for testing and no testing was completed.

Based upon the totality of circumstances, Trooper Rawley concluded that [Appellant] was unfit to drive and he placed [Appellant] under arrest for driving under the influence and driving with a suspended license. Trooper Rawley testified that the passenger in the vehicle also had a suspended license and therefore was unable to move the vehicle from the Wawa parking lot, regardless of the vehicle's lack of inspection sticker. Trooper Rawley testified that as a result, the truck was towed from the Wawa and a custodial inventory was completed. The inventory uncovered THC gummies in [the] driver's compartment.

[Appellant] was transported to Jennersville Hospital where Trooper Rawley testified he read [Appellant] the DL26 [form]. [Appellant] refused to consent [to a blood draw], and no blood was drawn or testing of blood or breath was completed.

Trial Ct. Order, 12/18/23, at 1-3 n.1.

The Commonwealth charged Appellant with, *inter alia*, driving under the influence of a controlled substance-impaired ability (DUI) (third offense), possession of a controlled substance, and driving on a DUI-suspended driver's license (third offense).[2] Appellant filed a pre-trial motion to suppress evidence which was denied by the trial court on December 18, 2023.

_____

[2] 75 Pa.C.S. § 3802(d)(2), 35 P.S. § 780-113(a)(16), and 75 Pa.C.S. § 1543(b)(1)(iii), respectively.

On March 22, 2024, following a stipulated bench trial, the trial court convicted Appellant of the above-referenced charges. That same day, the trial court sentenced Appellant to one to two years' incarceration, to be followed by five years' probation for the DUI conviction, one year of probation for the possession of controlled substances conviction, to be served concurrently, and six to twelve months' incarceration for the driving on a DUI-suspended license conviction, to be served concurrently, pursuant to an agreement between the parties.

Appellant filed a timely notice of appeal. The trial court subsequently ordered Appellant to file a Pa.R.A.P. 1925(b) statement. In lieu of a Rule 1925(b) statement, Counsel filed a statement of intent to file an **Anders**/**Santiago** brief. The trial court then filed a Rule 1925(a) opinion.

Counsel has identified the following issue in the **Anders**/**Santiago** brief:

> Did the trial court err in denying Appellant's motion to suppress where the police ran Appellant's license plate, which was in plain view, without reasonable suspicion?

**Anders**/**Santiago** Brief at 3.

"When faced with a purported **Anders**[/**Santiago**] brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." **Commonwealth v. Wimbush**, 951 A.2d 379, 382 (Pa. Super. 2008) (citation omitted). Counsel must comply with the technical requirements for petitioning to withdraw by (1) filing a petition for leave to withdraw stating that after making a conscientious examination of

the record, counsel has determined that the appeal would be frivolous; (2) providing a copy of the brief to the appellant; and (3) advising the appellant of the right to retain private counsel, proceed *pro se*, or raise additional arguments that the appellant considers worthy of the court's attention. **See Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). In an **Anders**/**Santiago** brief, counsel must set forth the issues that the defendant wishes to raise and any other claims necessary to effectuate appellate presentation of those issues. **Commonwealth v. Millisock**, 873 A.2d 748, 751 (Pa. Super. 2005).

Additionally, counsel must file a brief that meets the requirements established in **Santiago**, namely:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

"Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." **Goodwin**, 928 A.2d at 291 (citation omitted). This includes "an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." **Commonwealth v. Flowers**, 113

- 5 -

A.3d 1246, 1250 (Pa. Super. 2015) (citation and footnote omitted); *accord Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*).

Here, Counsel has complied with the procedural requirements for seeking withdrawal by filing a petition to withdraw, sending Appellant a letter explaining his appellate rights, informing Appellant of his right to proceed *pro se* or with private counsel, and supplying Appellant with a copy of the *Anders*/*Santiago* brief. *See Goodwin*, 928 A.2d at 290. Counsel also provided this Court with a copy of her letter to Appellant informing him of his rights. Moreover, Counsel's *Anders*/*Santiago* brief complies with the requirements of *Santiago*. Counsel includes a summary of the relevant factual and procedural history, refers to the portions of the record that could arguably support Appellant's claim, and sets forth the conclusion that the appeal is frivolous. *See Santiago*, 978 A.2d at 361. Accordingly, we conclude that Counsel has met the technical requirements of *Anders* and *Santiago*, and we will proceed to address the issue presented in Counsel's *Anders*/*Santiago* brief.

Our standard of review when reviewing the denial of a motion to suppress evidence is as follows:

> An appellate court's standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as

- 6 -

remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, the appellate court is bound by those findings and may reverse only if the court's legal conclusions are erroneous.

***Commonwealth v. Gray***, 211 A.3d 1253, 1260 (Pa. Super. 2019) (citation omitted).

As noted above, Counsel identifies an issue concerning whether the trial court erred in denying Appellant's suppression motion after police ran Appellant's license plate without reasonable suspicion. ***See Anders/Santiago*** Brief at 15-17.

In its order denying Appellant's motion to suppress, the trial court relied upon this Court's decision in ***Commonwealth v. Bolton***, 831 A.2d 734 (Pa. Super. 2003), which stated that the police do not need "any level of suspicion . . . [']to check a license plate which is clearly in plain view.'" ***See*** Trial Court Order, 12/18/23, at 4 n.1 (quoting ***Bolton***, 831 A.2d at 737); ***see also Commonwealth v. Hadlock***, 325 MDA 2023, 2023 WL 8185654, at *5 (Pa. Super. filed Nov. 27, 2023) (unpublished mem.) (relying on ***Bolton***'s holding and reiterating that reasonable suspicion is not required where police check a license plate in plain view).[3]

In her ***Anders/Santiago*** brief, Counsel states that it "could be argued" that this Court should revisit its holding in ***Bolton***. ***Anders/Santiago*** Brief at 17-18 (citing ***State v. Donis***, 723 A.2d 35 (N.J. 1998)). It is axiomatic

_____

[3] We may cite to this Court's unpublished memoranda filed after May 1, 2019 as persuasive authority. Pa.R.A.P. 126(b).

that as a three-judge panel, we are bound to "adhere to the precedents that this Court's prior panels have handed down." **Commonwealth v. Davis**, 188 A.3d 454, 458 n.2 (Pa. Super. 2018) (citations omitted). Accordingly, we find that the trial court did not err when it denied Appellant's suppression motion based on the police's license plate query. **See Gray**, 211 A.3d at 1260; **Bolton**, 831 A.2d at 737. We, therefore, agree with Counsel that an appeal on these grounds would be frivolous.

While not identified in the statement of questions presented, Counsel's **Anders**/**Santiago** brief identifies two other suppression issues that could merit appellate review. **See Anders**/**Santiago** Brief at 14-17. We will now address those issues. Counsel raises the issue of whether the trial court erred in denying Appellant's motion to suppress evidence recovered from an inventory search of his vehicle after it was impounded. **Id.** at 16, 18.

During the suppression hearing, the subject evidence was a container of THC gummies recovered from Appellant's vehicle during an inventory search after the vehicle was impounded. **See** N.T., 12/13/22, at 9, 28.

As noted in the **Anders**/**Santiago** brief, the issue concerning the THC gummies is moot because Appellant was not convicted of any offense related to the recovery of THC gummies. **See Anders**/**Santiago** Brief at 18; N.T. Trial, 3/22/24, at 11.

Counsel further notes that Appellant argued in his suppression motion that it was unlawful to draw Appellant's blood without a warrant. **Anders**/**Santiago** Brief at 17. However, the record reflects that Appellant's

blood was never drawn, therefore this issue is moot. **See** N.T., 12/13/22, at 70. For these reasons, we agree with Counsel's assessment that the claim presented in the **Anders**/**Santiago** brief is frivolous.

Finally, we must conduct an independent review of the record to determine whether there are any "additional, non-frivolous issues overlooked by counsel." **Flowers**, 113 A.3d at 1250 (citation and footnote omitted); **see also Yorgey**, 188 A.3d at 1197.

We note that questions regarding the legality of a sentence "are not waivable and may be raised *sua sponte* on direct review by this Court." **Commonwealth v. Wright**, 276 A.3d 821, 827 (Pa. Super. 2022) (citation omitted and formatting altered). Review of the legality of a sentence "presents a pure question of law. As such, our scope of review is plenary and our standard of review *de novo*." **Id.** (citations omitted and formatting altered).

"If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated." **Commonwealth v. Warunek**, 279 A.3d 52, 54 (Pa. Super. 2022) (citation omitted and some formatting altered).

"[T]his Court has held that the trial court is statutorily required to order the drug and alcohol evaluation before sentencing." **Commonwealth v. Westlake**, 295 A.3d 1281, 1289 (Pa. Super. 2023) (citing **Commonwealth v. Borovichka**, 18 A.3d 1242, 1255 (Pa. Super. 2011); 75 Pa.C.S. § 3814).

In **Commonwealth v. Prince**, 320 A.3d 698 (Pa. Super. 2024), a panel of this Court considered a Commonwealth appeal from a judgment of sentence committing the defendant to serve one to seven years' incarceration in the county jail, as opposed to a state correctional institution. **Prince**, 320 A.3d at 700. The **Prince** Court noted that a trial court is permitted to commit a defendant convicted of DUI to a county facility "if . . . after the initial assessment required by section 3814(1), the person is determined to be in need of additional treatment pursuant to [75 Pa.C.S.] § 3814(2)." **Id.** at 703 (citation omitted and some formatting altered). The Court further noted that "the General Assembly left no doubt that the assessment is a mandatory part of the sentencing scheme that cannot be dispensed with at the sentencing court's discretion." **Id.** (citing **Commonwealth v. Taylor**, 104 A.3d 479, 491 (Pa. 2014)) (some formatting altered).

Here, the record reflects that at the time of sentencing, Appellant had not completed a drug and alcohol evaluation as required by Section 3814(2)(i). **See** N.T. Trial, 3/22/24, at 13. Accordingly, we are constrained to vacate Appellant's judgment of sentence for his DUI conviction and remand for resentencing.

On remand, the trial court shall determine whether Appellant was evaluated pursuant to Sections 3814 and 3816 of the Motor Vehicle Code and make the results part of the record. **See Westlake**, 295 A.3d at 1290. Upon making those findings part of the record, the trial court shall resentence

Appellant consistent with the terms of Section 3804(d) of the Motor Vehicle Code.

Accordingly, while we affirm Appellant's convictions, we vacate his judgment of sentence for DUI. **See Warunek**, 279 A.3d at 54. We affirm the judgment of sentence in all other respects.

Judgment of sentence affirmed in part, and vacated, in part. Case remanded for resentencing consistent with this memorandum. Petition to withdraw denied. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/19/2025