J-S47040-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| COREY DEAS | : | |
| | : | |
| Appellant | : | No. 1862 EDA 2025 |

Appeal from the Judgment of Sentence Entered June 24, 2025
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0002689-2025

BEFORE: PANELLA, P.J.E., OLSON, J., and BECK, J.

MEMORANDUM BY BECK, J.: **FILED MARCH 13, 2026**

Corey Deas ("Deas") appeals from the judgment of sentence imposed by the Montgomery County Court of Common Pleas ("trial court") following his negotiated guilty plea to one count of retail theft.[1]  Deas' counsel, Attorney Brooks T. Thompson ("Counsel"), seeks to withdraw from representation pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009).  Upon review, we grant Counsel's petition to withdraw and affirm Deas' judgment of sentence.

On April 21, 2025, Deas, with two codefendants, stole approximately $2,626.91 in Nike merchandise from a DICK'S Sporting Goods in Abington

_____

[1] 18 Pa.C.S. § 3929(a)(1).

Township. Deas and his codefendants fled the scene in a black Nissan, which police confirmed as stolen.[2] The vehicle crashed soon after fleeing the scene. The police located the stolen merchandise and a loaded firearm, which they also confirmed as stolen, from the inside of the vehicle. Later the same day, the Commonwealth filed a criminal complaint against Deas and charged him with multiple crimes stemming from the incident.

On June 24, 2025, the matter was originally listed for a bail-reduction hearing. However, the parties instead presented a negotiated guilty plea to retail theft, graded as a felony in the third degree, with the remaining counts to be nol prossed. The parties also agreed to a sentence of time served to twenty-three months of incarceration, with credit for time served from April 21, 2025 through June 24, 2025. Following a colloquy, the trial court accepted the plea and imposed the agreed-upon sentence. Deas did not file any post-sentence motions.

Instead, Deas filed a notice of appeal. On July 11, 2025, the trial court ordered Deas to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b) within twenty-one days. Counsel filed a statement indicating that he intended to file a brief pursuant to **Anders/Santiago** in lieu of a 1925(b) statement. **See** Pa.R.A.P. 1925(c)(4) ("If counsel intends to seek to withdraw in a criminal case pursuant to

_____

[2] Deas was identified as a passenger of vehicle.

*Anders*/*Santiago* … counsel shall file of record and serve on the judge a statement of intent to withdraw in lieu of filing a Statement.").

On October 24, 2025, Counsel filed an *Anders* brief and petition to withdraw as counsel in this Court. When faced with an *Anders* brief, we may not review the merits of the underlying issues or allow withdrawal without first deciding whether counsel has complied with all requirements set forth in *Anders* and *Santiago*. *Commonwealth v. Orellana*, 86 A.3d 877, 879 (Pa. Super. 2014). There are mandates that counsel seeking to withdraw pursuant to *Anders* must follow, which arise because a criminal defendant has a constitutional right to a direct appeal and to be represented by counsel for the pendency of that appeal. *Commonwealth v. Woods*, 939 A.2d 896, 898 (Pa. Super. 2007). We have summarized these requirements as follows:

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.
>
> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed pro se or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions (e.g., directing counsel either to comply with *Anders* or file an advocate's brief on [a]ppellant's behalf).

*Id.* (citations omitted).

- 3 -

Additionally, our Supreme Court set forth precisely what an ***Anders*** brief must contain:

> [T]he ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw … must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of the record, controlling case law, and/or the statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361.

If counsel has substantially complied with the above requirements, it is then this Court's duty to conduct its own review of the record to determine whether there are any other nonfrivolous issues that the appellant could raise on appeal. ***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018) (en banc).

Instantly, we conclude that Counsel has complied with the requirements outlined above. Counsel filed a petition with this Court stating that after reviewing the record, he finds this appeal to be wholly frivolous. Petition to Withdraw as Counsel, 10/24/2025. In conformance with ***Santiago***, Counsel's brief includes summaries of the facts and procedural history of the case. ***See Anders*** Brief at 6-8. Additionally, Counsel explains how "there are no nonfrivolous issues that can be raised," and includes discussion of, and citation to, relevant authority in support of his conclusion. ***Id.*** at 10-18. Finally, Counsel attached to his petition to withdraw the letter he sent to Deas, which

enclosed Counsel's petition to withdraw and *Anders* brief. Petition to Withdraw as Counsel, 10/24/2025, Exhibit A. Counsel's letter advised Deas of his rights to proceed pro se or with private counsel, and to raise any additional issues that he deems worthy of this Court's consideration. *Id.*

Because Counsel has complied with the procedural requirements to withdraw from representation, we turn our attention to the issues Counsel raised in the *Anders* brief: (1) a claim that Deas' guilty plea was not knowing and voluntary; (2) a challenge to the discretionary aspects of Deas' sentence; (3) a challenge to the legality of his sentence; and (4) a claim that the trial court lacked subject matter jurisdiction. *Anders* Brief at 10-17. Deas has not filed a response.

**Guilty Plea**

Deas first contends that his guilty plea was not voluntary and knowing as required by law. *See Anders* Brief at 11-14. The law is clear, though, that "[a] defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing." *Commonwealth v. Lincoln*, 72 A.3d 606, 609-10 (Pa. Super. 2013); *see also* Pa.R.Crim.P. 720(B)(1)(a)(i). Failure to do so results in waiver. *Lincoln*, 72 A.3d at 610.

The record reflects that Deas failed to challenge the validity of his guilty plea at his plea colloquy, sentencing, or in a post-sentence motion. Therefore, this issue is waived, *see id.*, and we agree his first claim is frivolous. *See*

*Commonwealth v. Cook*, 175 A.3d 345, 350 (Pa. Super. 2017) (finding that waived issues raised on appeal are frivolous); *see also Commonwealth v. Cox*, 231 A.3d 1011, 1016 (Pa. Super. 2020) (explaining that precedent does not permit "this Court to address issues that were not properly preserved in the trial court" and "the mere filing of an *Anders* brief and petition to withdraw will not serve to resuscitate claims that were already waived upon the filing of the notice of appeal").[3]

## Discretionary Aspects of Sentencing

Next, Deas challenges the discretionary aspects of his sentence. *Anders* Brief at 14-15. "The right to appellate review of the discretionary aspects of a sentence is not absolute and must be considered a petition for permission to appeal." *Commonwealth v. Rivera*, 312 A.3d 366, 376 (Pa. Super. 2024) (citation omitted). To invoke this Court's jurisdiction to review

_____

[3] In any event, the record here establishes that Deas entered his guilty plea knowingly and voluntarily. He engaged in both written and oral colloquies, setting forth the factual basis of the plea; was fully advised of the crime to which he was pleading guilty and the potential sentence he could receive, his right to a jury trial, the presumption of innocence, and the trial court's power to reject the plea agreement; and Deas confirmed his understanding. *See* N.T., 6/24/2025, at 3-9; Written Guilty Colloquy, 6/24/2025, at 1-10; *Commonwealth v. Reid*, 117 A.3d 777, 782 (Pa. Super. 2015) ("A valid plea colloquy must delve into six areas: 1) the nature of the charges, 2) the factual basis of the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence.") (quotation marks and citation omitted); *see also Commonwealth v. Felix*, 303 A.3d 816, 821 (Pa. Super. 2023) (noting a defendant is bound by the statements he makes at his plea colloquy and may not later assert claims for withdrawing the plea that contradict statements he made when entering the plea).

a discretionary sentencing challenge, an appellant must satisfy a four-part test:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post-sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

*Id.* at 376-77 (citation and brackets omitted).

The record again reflects that Deas waived this claim, as he failed to raise it at sentencing or in a post-sentence motion. *See Commonwealth v. Cartrette*, 83 A.2d 1030, 1042 (Pa. Super. 2013) (stating that failure to challenge the discretionary aspects of sentencing at sentencing or in a post-sentence motion results in waiver). Moreover, Deas cannot challenge the discretionary aspects of his sentence because he entered a negotiated guilty plea that included sentencing terms accepted by the trial court. *See Commonwealth v. Eisenberg*, 98 A.3d 1268, 1276 (Pa. Super. 2014) ("When a negotiated plea includes sentencing terms, … the defendant's knowing and voluntary acceptance of those terms rightly extinguishes the ability to challenge a sentence the defendant knew was a proper consequence of his plea."). Accordingly, the claim is frivolous.

### Legality of Sentence

Deas further challenges the legality of his sentence. *See Anders* Brief at 15-16.

> A claim that implicates the fundamental legal authority of the court to impose a particular sentence constitutes a challenge to the legality of the sentence. If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. When the legality of a sentence is at issue on appeal, our standard of review is de novo and our scope of review is plenary.

*Commonwealth v. Prince*, 320 A.3d 698, 700 (Pa. Super. 2024) (citation omitted).

Deas pled guilty to retail theft, which is graded as a felony of the third degree. The statutory maximum sentence that can be lawfully imposed for a felony of the third degree is seven years in prison. **See** 18 Pa.C.S. § 1103(3). The sentence imposed by the trial court—time served to twenty-three months of incarceration—falls well below the statutory limit. Thus, we agree with Counsel that any challenge to the legality of the sentence imposed would be frivolous.

**Subject Matter Jurisdiction**

Lastly, Deas raises a claim that the trial court lacked subject matter jurisdiction. **See Anders** Brief at 16-17.

> When appealing from a judgment of sentence entered pursuant to a guilty plea, a defendant may challenge the jurisdiction of a court. The court's subject matter jurisdiction is an issue that is not susceptible to waiver, and it may be raised for the first time at any stage of the proceedings. Whether a court has subject matter jurisdiction is an issue that poses a pure question of law, subject to a de novo standard of review.
>
> Subject matter jurisdiction relates to the competency of a court to hear and decide the type of controversy presented. A court's competency hinges upon a demonstration that a criminal

act occurred within the territorial jurisdiction of the court. Jurisdiction is a matter of substantive law.

Matters arising from a violation of Pennsylvania's Crimes Code are entrusted to the original jurisdiction of the courts of common pleas for resolution. Every jurist within that tier of the unified judicial system is competent to hear and decide a matter arising out of the Crimes Code.

*Commonwealth v. Washington*, 344 A.3d 417, 419 (Pa. Super. 2025) (cleaned up).

The Commonwealth charged Deas with violations of the Pennsylvania Crimes Code for crimes committed in Montgomery County, Pennsylvania. In pleading guilty, Deas admitted that he committed the retail theft at a DICK's Sporting Goods Store in Abington, which is located in Montgomery County, Pennsylvania. N.T., 6/24/2025, at 8. The trial court was thereby vested with jurisdiction over the offenses for which Deas was sentenced. Thus, this claim is frivolous.

Our independent review of the record reveals no nonfrivolous issues that Deas could raise on appeal. *See Dempster*, 187 A.3d at 272. We therefore grant Counsel's petition to withdraw and affirm Deas' judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/13/2026

- 9 -