J-S17013-24

2024 PA Super 156

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                             :          PENNSYLVANIA
            Appellant        :
                             :
                             :
                             :
        v.                   :
                             :
                             :
                             :
AUDLEY D. PRINCE             :  No. 1836 EDA 2023

Appeal from the Judgment of Sentence Entered February 8, 2023
In the Court of Common Pleas of Northampton County Criminal Division
at No(s):  CP-48-CR-0000279-2020

BEFORE:  BOWES, J., KING, J., and BENDER, P.J.E.

OPINION BY BOWES, J.:                        **FILED JULY 24, 2024**

In this issue of first impression, the Commonwealth appeals the judgment of sentence ordering Appellee to serve his sentence of one to seven years of incarceration in the county jail, arguing that the trial court was required to commit Appellee to a state correctional facility. We disagree with the Commonwealth's analysis of the statutory text. Nonetheless, we agree that the requisite factual finding authorizing that commitment is not supported by the record. We therefore vacate and remand for resentencing.

The facts are straightforward. Appellee was charged with two counts of driving under the influence ("DUI") and several summary offenses. A jury found Appellee guilty of violating the controlled substances version of DUI and acquitted him of the other count. The trial court ordered a pre-sentence drug and alcohol ("D&A") evaluation, "which recommended no treatment." Trial Court Opinion, 10/31/23, at 1. The trial court opted to sentence Appellee

pursuant to 75 Pa.C.S. § 3804, which permitted the court to sentence Appellee to the county jail instead of state prison if the offender "is determined to be in need of additional treatment[.]" 75 Pa.C.S. § 3804(d).

The Commonwealth filed a motion for reconsideration, asserting that § 3804(d) was legally inoperable due to the evaluator's finding. The trial court denied the motion and the Commonwealth filed a timely notice of appeal. The Commonwealth filed a concise statement of issues complained of on appeal as ordered by the trial court, and the trial court filed its opinion in response. We now address the sole claim: "Did the trial court err by sentencing [Appellee] to a county prison sentence pursuant to 75 Pa.C.S. § 3804(d) where the evaluation provided for in 75 Pa.C.S. § 3814(2) determined that [Appellee] was not in need of further treatment?" Commonwealth's brief at 4.

> A claim that implicates the fundamental legal authority of the court to impose a particular sentence constitutes a challenge to the legality of the sentence. If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. When the legality of a sentence is at issue on appeal, our standard of review is *de novo* and our scope of review is plenary.

***Commonwealth v. Mendozajr***, 71 A.3d 1023, 1027 (Pa.Super. 2013) (cleaned up). As this claim implicates the legality of Appellee's sentence, the Commonwealth's appeal is of right. 42 Pa.C.S. § 9781(a) ("The defendant or the Commonwealth may appeal as of right the legality of the sentence.").

We begin our discussion by addressing how § 3804(d) departs from the usual sentencing procedure. This was Appellee's third DUI conviction within ten years.[1] The Vehicle Code contains recidivist provisions, with § 3804 mandating that an individual convicted of violating § 3802(d)[2] as a third or subsequent DUI offense must "undergo imprisonment of not less than one year[.]" 75 Pa.C.S. § 3804(c)(3)(i). The offense is graded as a felony of the third degree. *See* 75 Pa.C.S. § 3803(b)(4.1)(i) ("An individual . . . who violates [§] 3802(c) or (d), commits . . . [a] felony of the third degree if the individual has two prior offenses."). Additionally, the offender must "comply with all drug and alcohol treatment requirements imposed under [§§] 3814 and 3815." 75 Pa.C.S. § 3804(c)(3)(iii).

Normally, a minimum period of one year of total confinement must be served at a state correctional facility, as opposed to the local jail. Section 9756 of the Sentencing Code specifies that the minimum sentence imposed shall not exceed one half of the maximum sentence imposed, *i.e.*, the maximum period must be at least twice the length of the minimum. Thus, had the trial judge imposed the bare minimum of one to two years of incarceration, Appellee would be committed to the Department of Corrections, subject to certain exceptions not applicable here. 42 Pa.C.S. § 9762(b)(2).

---

[1] Appellee filed a notice of appeal challenging the constitutionality of counting his 2011 Accelerated Rehabilitative Disposition as a prior offense. We dispose of that appeal in a separate memorandum.

[2] Appellee was convicted of violating 75 Pa.C.S. § 3802(d)(1)(i).

The statute at issue here, § 3804(d), overrides § 9762's general rule. As noted above, in addition to a mandatory term of imprisonment, § 3804(c)(iii) requires the defendant to comply with all drug and alcohol treatments imposed under §§ 3814 and 3815 of the Vehicle Code. Within § 3814 ("Drug and alcohol assessment"), the General Assembly mandated an initial drug and alcohol assessment in every DUI case under paragraph one, and a full assessment pursuant to paragraph two in a subset of cases:

> If a defendant is convicted or pleads guilty or no contest to a violation of [§] 3802 (relating to [DUI] of alcohol or controlled substance), the following apply prior to sentencing:
>
>> (1) The defendant shall be evaluated under [§] 3816(a) (relating to requirements for [DUI] offenders) and any other additional evaluation techniques deemed appropriate by the court to determine the extent of the defendant's involvement with alcohol or other drug and to assist the court in determining what type of sentence would benefit the defendant and the public.
>>
>> (2) The defendant shall be subject to a full assessment for alcohol and drug addiction if any of the following subparagraphs apply:
>>
>>> (i) The defendant, within ten years prior to the offense for which sentence is being imposed, has been sentenced for an offense under:
>>>
>>>> (A) [§] 3802;
>>>
>>> . . . .
>>>
>>> (ii) . . .
>>>
>>>> (A) the evaluation under paragraph (1) indicates there is a need for counseling or treatment . . . .
>>>
>>> . . . .

(4) The assessment under paragraph (2) shall consider issues of public safety and shall include recommendations for all of the following:

    (i) Length of stay.

    (ii) Levels of care.

    (iii) Follow-up care and monitoring.

75 Pa.C.S. § 3814.

The initial assessment referenced by the first paragraph proceeds pursuant to § 3816(a), which states, in pertinent part, that the assessment is "to assist the court in determining what sentencing, probation or conditions of Accelerated Rehabilitative Disposition would benefit the person or the public." Thus, while the results of the § 3814(1) assessment are not relevant to the applicability of § 3804(d), the sentencing court still has that information at its disposal.

With that background information, we have reached the statute at issue here, namely § 3804(d), which states in full as follows:

**(d) Extended supervision of court.--**If a person is sentenced pursuant to this chapter and, after the initial assessment required by [§] 3814(1), the person is determined to be in need of additional treatment pursuant to [§] 3814(2), the judge shall impose a minimum sentence as provided by law and a maximum sentence equal to the statutorily available maximum. A sentence to the statutorily available maximum imposed pursuant to this subsection may, in the discretion of the sentencing court, be ordered to be served in a county prison, notwithstanding the provisions of 42 Pa.C.S. § 9762 (relating to sentencing proceeding; place of confinement).

75 Pa.C.S. 3804(d).[3]

Here, the trial court sentenced Appellee in accordance with this statute and imposed the required minimum one-year period of imprisonment, with a maximum sentence of seven years as required for a felony of the third degree, and then opted to order Appellee to serve the sentence in the county prison.

The Commonwealth maintains that there was no statutory authorization for this sentence. Specifically, it submits that a straightforward plain-language analysis illustrates that § 3804(d) cannot apply. The Commonwealth rejects the notion that the statute confers upon the trial court discretion to conclude that a defendant requires additional treatment. Instead, it contends that the trial court may not impose a sentence pursuant to § 3804(d) "where the D&A [assessment] determined that the defendant was **not** in need of further treatment." Commonwealth's brief at 12 (emphasis in original). The Commonwealth further argues that Appellee "was not determined to be in need of additional treatment pursuant to [§] 3814(2)," and therefore "the remainder of [§] 3804(d) . . . is inapplicable." *Id*. at 13. Citing the statutory interpretation principle that courts cannot deem statutory language superfluous, the Commonwealth asserts that a contrary interpretation reads out the "need for additional treatment" component of § 3804(d). *See*

_____

[3] The first clause is not at issue, as Appellee was sentenced under the Vehicle Code. *See Commonwealth v. Popielarcheck*, 190 A.3d 1137, 1144–45 (Pa. 2018) (holding that § 3804(d) is not implicated when trial court sentences defendant to a county intermediate punishment sentence, which is imposed under the Sentencing Code).

*Commonwealth v. McCoy*, 962 A.2d 1160, 1168 (Pa. 2009) ("We are not permitted to ignore the language of a statute, nor may we deem any language to be superfluous.").

Appellee does not suggest that the plain language is in his favor. Instead, in a brief argument, he cites the presumption that the General Assembly does not intend absurd results. "In ascertaining the intention of the General Assembly in the enactment of a statute the following presumptions, among others, may be used . . . That the General Assembly does not intend a result that is absurd, impossible of execution or unreasonable." 1 Pa.C.S. § 1922(1). He asserts: "It would be nonsensical for the legislature to intend to punish [Appellee] more harshly than someone who was in need of treatment, merely because at the time of the [D&A] evaluation he was no longer in need of treatment." Appellee's brief at 13.

Appellee's argument follows the conclusion of the trial court, which explained in its opinion that the Commonwealth's interpretation "absurdly, and unreasonably, punishes [Appellee] for not needing treatment." Trial Court Opinion, 10/1/23, at 5. Additionally, we note that at the sentencing proceeding, wherein the Commonwealth asserted that the statute does not apply, the trial court responded, "Well . . . that's been our practice in Northampton County, for the sentence to be served locally." N.T. Sentencing, 2/8/23, at 9.

The Commonwealth's challenge to the legality of this sentence "requires us to engage in statutory interpretation and, therefore, presents a question of

law." ***Commonwealth v. Lehman***, 311 A.3d 1034, 1044 (Pa. 2024). In matters of statutory interpretation, our scope of review is plenary and our standard of review is *de novo*. ***Commonwealth v. Gerald***, 47 A.3d 858, 859 (Pa.Super. 2012). "The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. Every statute shall be construed, if possible, to give effect to all its provisions." 1 Pa.C.S. § 1921(a).

For ease of reference, we reproduce the salient portion of the statute at issue. The trial court may commit an offender to county prison "If . . . after the initial assessment required by section 3814(1), the person is determined to be in need of additional treatment pursuant to[§] 3814(2)[.]" 75 Pa.C.S. § 3804(d). The critical question is whether the General Assembly intended, as the Commonwealth urges this Court to hold, for the evaluator performing the D&A assessment to bind the trial judge to accept his or her decision as to whether "additional treatment" is needed. We conclude that it does not, as the plain language dictates that the factual determination of the offender's need for additional treatment is for the sentencing judge to render upon consideration of the evaluator's opinion. The Commonwealth's statutory analysis overlooks both the sequential nature of the assessment-then-sentencing scheme, as well as the phrasing of the "is determined" language within § 3804(d). Reading all these provisions together, as we must, § 3814 and § 3804(d) interact in such a way that the trial court is legally permitted to impose a county sentence in its discretion.

As our Supreme Court made clear in **Commonwealth v. Taylor**, 104 A.3d 479 (Pa. 2014), "by phrasing the requirement in mandatory language, the General Assembly left no doubt that the [a]ssessment is a mandatory part of the sentencing scheme that cannot be dispensed with at the sentencing court's discretion." **Id**. at 491. The Commonwealth's argument ignores key language in the assessment statutes. Section 3814(1), the initial assessment that precedes any DUI sentencing, requires an evaluation "under section 3816(a)" as well as "any other additional evaluation techniques deemed appropriate by the court[.]" 42 Pa.C.S. § 3814(1). Then, depending on the result of that evaluation—or, as here, if the offender is otherwise required to do so—the full evaluation pursuant to § 3814(2) occurs. **Id.**

The plain text of the statute indicates that the assessments are designed to help the court in determining an appropriate sentence. Section 3814(1) explicitly provides that the assessment is meant "to determine the extent of the defendant's involvement with alcohol or other drug **and to assist the court** in determining what type of sentence would benefit the defendant and the public." 75 Pa.C.S. § 3814(1) (emphasis added). Notably, § 3804(d) does not apply based on the results of this assessment, as the statute looks only to the results of the § 3814(2) evaluation. **See Commonwealth v. Borovichka**, 18 A.3d 1242, 1256 (Pa.Super. 2011) ("The results of [§] 3814(1)'s initial evaluation do not trigger [§] 3804(d)'s mandatory maximum sentence."). However, a similar purpose underlies the full assessment: "The assessment under paragraph (2) shall consider issues of public safety and

**shall include recommendations**" as to length of stay, levels of care, and follow-up care and monitoring. 75 Pa.C.S. § 3814(4) (emphasis added).

The unambiguous language makes clear that the evaluators who perform both types of assessments are doing so to help the court fashion an appropriate sentence. From its analysis of § 3804(d), it appears that the Commonwealth would have us conclude that assistance and recommendations are relevant only if the offender needs treatment in the first place. It follows that the Commonwealth's position is that when the assessment concludes that no treatment is recommended, there is no corresponding need for "additional" treatment and, thus, § 3804(d) does not apply.

Reexamining § 3804(d) forecloses this reading. The General Assembly chose the phrase "is determined," not "has been determined." *See* 75 Pa.C.S. § 3804(d) (providing that if, "after the initial assessment . . . the person **is determined** to be in need of additional treatment," the judge may, in his or her discretion, order the sentence to be served in a county prison). A straightforward parsing of this term means that the determination has yet to be made. The "after . . . is determined" phrasing indicates that the determination does not occur until after both assessments have been completed, with "is" telling us that the determination has yet to be made. This is broadly consistent with the *Taylor* Court's holding that such assessments are mandatory, and why that is so. For instance, the Court stated:

> By requiring the full [a]ssessment under certain, specified circumstances "prior to sentencing," [§] 3814(2) plainly and unambiguously requires its completion prior to the court's

- 10 -

imposition of the sentence, and demonstrates the legislative intent that the sentencing court utilizes the [a]ssessment as a sentencing tool in creating a sentence for the benefit of the offender and the public.

*Taylor*, 104 A.3d at 491. This observation, that a D&A assessment is a "tool" for the court to use in deciding what sentence is appropriate, tracks our analysis of the statutory language.

Relatedly, had the General Assembly intended for the D&A evaluator's assessment to be dispositive, it could have used the past tense, *e.g.*, the statute could have said "after the initial assessment . . . the person **has been determined**" or "**was** determined" to be in need of additional treatment. The Commonwealth's suggestion that our interpretation treats some of the language of § 3804(d) as surplusage assumes that the evaluator is exclusively entitled to decide whether the defendant needs treatment. If, however, the trial court decides that issue with the assistance of the evaluator's input, the language is not superfluous. By incorporating the results of the § 3814 assessment within § 3804(d), the General Assembly instructed the trial court to consider the D&A evaluator's opinions and recommendations. Indeed, this is consistent with the overarching legislative mandate to impose a sentence that is consistent with "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). In making that determination, the trial court has, in addition to the results of the D&A evaluation, the benefit of a pre-sentence report, the parties' arguments, and whatever the defendant may wish to say at sentencing.

One final indicator of legislative intent, related to the preceding observation, supports our interpretation. It would be highly unusual for the General Assembly to delegate the determination of whether an offender requires additional treatment to a non-judicial actor.[4] For example, in ***Commonwealth v. Elliot***, 50 A.3d 1284 (Pa. 2012), our Supreme Court held that the Parole Board and its agents "cannot impose any condition of supervision it wishes, *carte blanche.* This would, of course, interfere with a court's well-established sentencing authority." ***Id***. at 1291. However, the Board and its agents "may impose conditions of supervision that are germane to, elaborate on, or interpret any conditions of probation that are imposed by the trial court," because that framework "maintains the sentencing authority solely with a trial court[.]" ***Id.*** at 1292.

We need not decide the lawfulness of delegating to a non-judicial actor the power to decide whether Appellee is barred from serving his sentence in a county jail. We raise the point only to show that the General Assembly, had it intended to make such an unusual departure from entrusting sentencing

_____

[4] It would also raise constitutional questions. While the Commonwealth argues only that the trial court **may** sentence under this statute upon the required factual finding, its argument logically extends to the proposition that the trial judge **must** sentence an offender if the evaluator concludes that the defendant requires additional treatment. Notably, the statute requires the judge to sentence the defendant to the statutory maximum penalty, thus implicating ***Alleyne v. United States***, 570 U.S. 99, 103 (2013) ("Any fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt.").

decisions to a judge, would surely have expressed that intent in clearer language. The evaluator's role is advisory, not adjudicatory.

In sum, the § 3814 assessment statute indicates throughout that the evaluators perform their tasks solely to assist the trial court in determining what sentence is appropriate. Section 3804(d)'s use of "after . . . is determined" is consistent with the evaluator having only an advisory role as well as general sentencing practices, whereby the trial court is afforded broad discretion to impose a sentence that considers the defendant's rehabilitative needs and the protection of the public. That naturally includes whether the offender's rehabilitative needs are best served through treatment at a local facility. If the General Assembly had intended to divest the judge of that power, it would have used precise language. We therefore conclude that the plain language does not support the Commonwealth's conclusion that an evaluator's finding is necessary for the statute to apply. The trial court retains the authority to impose the sentence notwithstanding the evaluator's findings.

This conclusion raises the question of whether the sentence is legal in the absence of that finding. We conclude that this legality of sentence claim includes our *de novo* review of whether the requisite fact exists. As our Supreme Court explained in **Commonwealth v. Prinkey**, 277 A.3d 554, 562 (Pa. 2022), there are "[f]our broad categories" of illegal sentencing claims. "The second category encompasses allegations that a sentence was imposed **without the fulfillment of statutory preconditions** to the court's sentencing authority." **Id.** (emphasis added). Our textual analysis

- 13 -

demonstrates that the trial court's authority is preconditioned on the finding of a triggering fact, namely, that the offender is in need of further treatment. "In other words, if the sentencing statute at issue conditions the court's authority to impose a sanction upon the existence of attendant circumstances, and if those circumstances were not present, then the court lacked statutory authority to impose the sentence[.]" *Id*.

The trial court's comments at sentencing and its opinion establish that the trial court interpreted the statute, as a categorical matter, to authorize a sentence at the county jail in all cases. While certain portions of the trial court's analyses suggest that the court implicitly concluded that Appellee was not in need of further treatment, in context the trial court may have been responding to the Commonwealth's now-rejected assertion that a drug and alcohol evaluator must, as a necessary condition, make that finding. In other words, it is not clear that the trial court agreed with our conclusion that the trial court's own factual finding is sufficient. Due to this ambiguity, we remand to the trial court for a factual finding regarding Appellee's need for further treatment. If the trial court finds that fact, he shall reimpose the sentence. If the trial court finds, after review of all the sentencing considerations discussed hereinabove, that Appellee is not in need of further treatment, it shall resentence Appellee without reference to § 3804(d).

Judgment of sentence vacated. Remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/24/2024