J-S10025-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HUNTER DOUGLAS SHAHEEN | : | |
| | : | |
| Appellant | : | No. 695 MDA 2025 |
| | : | |

Appeal from the Judgment of Sentence Entered April 28, 2025
In the Court of Common Pleas of Northumberland County Criminal
Division at No(s): CP-49-CR-0000647-2023

BEFORE: DUBOW, J., BECK, J., and BENDER, P.J.E.

MEMORANDUM BY BECK, J.: **FILED: JUNE 17, 2026**

Hunter Douglas Shaheen ("Shaheen") appeals from the judgment of sentence imposed by the Northumberland County Court of Common Pleas ("trial court") following his guilty plea to two counts of aggravated assault and one count of firearm not to be carried without a license.[1] Shaheen's counsel, Stuart R. Crichton ("Counsel"), seeks to withdraw from representation pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009). Upon review, we grant Counsel's petition to withdraw and affirm Shaheen's judgment of sentence.

---

[1] 18 Pa.C.S. §§ 2702(a)(2), 2702(a)(4), 6106(a)(1).

On April 12, 2023, the Watsontown Police Department responded to a domestic violence incident involving Shaheen, his mother, Sharon Dudek ("Dudek"), and his girlfriend, Karlie Delade. Dudek indicated that Shaheen had fled the scene on foot and possessed a firearm. The Pennsylvania State Police assisted the Watsontown Police in locating Shaheen. The police eventually encountered Shaheen and observed he was holding a gun. The police ordered Shaheen to drop the gun, but he instead shot several rounds at a state trooper, hitting him in the upper leg. The trooper returned fire and struck Shaheen with several rounds. The police arrested Shaheen, and the Commonwealth charged him with several crimes.

On April 28, 2025, Shaheen entered a negotiated plea to the aforementioned crimes in exchange for the Commonwealth withdrawing the remaining charges.[2] The parties did not agree to a sentence as part of the plea. Ultimately, the trial court sentenced him to fifteen to thirty years in prison.[3] Shaheen filed a timely appeal.

_____

[2] At docket CR-0000646-2023, Shaheen agreed to plead guilty to possession with intent to deliver. The trial court accepted the plea and sentenced Shaheen to one month to five years in prison, to run concurrent to the sentence at issue in this case. N.T., 4/28/2025, at 8, 25. Shaheen did not appeal this sentence.

[3] The trial court sentenced Shaheen to ten to twenty years in prison for one aggravated assault conviction, a consecutive term of five to ten years in prison on the other aggravated assault conviction, and a concurrent term of two to four years in prison on the firearm conviction.

On June 6, 2025, the trial court ordered Counsel to file a concise statement of errors complained of on appeal. Counsel filed a statement of intent to file an *Anders* brief in lieu of a concise statement. *See* Pa.R.A.P. 1925(c)(4).

On December 8, 2025, Counsel filed an *Anders* brief and petition to withdraw as counsel in this Court. When faced with an *Anders* brief, we may not review the merits of the underlying issues or allow withdrawal without first deciding whether counsel has complied with all requirements set forth in *Anders* and *Santiago*. *Commonwealth v. Yorgey*, 188 A.3d 1190, 1195 (Pa. Super. 2018). There are mandates that counsel seeking to withdraw pursuant to *Anders* must follow, which arise because a criminal defendant has a constitutional right to a direct appeal and to be represented by counsel for the pendency of that appeal. *Commonwealth v. Woods,* 939 A.2d 896, 898 (Pa. Super. 2007).

We have summarized these requirements as follows:

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof….

> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed pro se or raise any additional points worthy of this Court's attention.

If counsel does not fulfill the aforesaid technical requirements of **Anders**, this court will deny the petition to withdraw and remand the case with appropriate instructions (e.g., directing counsel either to comply with **Anders** or file an advocate's brief on [a]ppellant's behalf.

**Id.** (citations omitted).

Additionally, **Santiago** sets forth precisely what an **Anders** brief must contain:

[T]he **Anders** brief that accompanies court-appointed counsel's petition to withdraw … must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's reasons for concluding that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. Substantial compliance with **Anders** and **Santiago** is sufficient. **Commonwealth v. Redmond**, 273 A.3d 1247, 1252 (Pa. Super. 2022). If counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the record to determine whether there are any non-frivolous issues that the appellant could raise on appeal. **Commonwealth v. Dempster**, 187 A.3d 266, 272 (Pa. Super. 2018) (en banc).

We conclude that Counsel has complied with the requirements outlined above. Counsel filed a petition to withdraw and an **Anders** brief with this Court stating that the appeal is wholly frivolous. Petition to Withdraw, 12/8/2025, at 4. Counsel sent a letter to Shaheen informing him that he was

- 4 -

filing an **Anders** brief and advising Shaheen of his right to proceed pro se or to retain new counsel and raise any additional issues worthy of this Court's consideration. Letter, 1/28/2026.[4] In his brief, Counsel provided a summary of the procedural history and facts. **Anders** Brief at 4-5. Counsel also refers to material in the record that could arguably support this appeal and cites to relevant authority to support his conclusion that the claims Shaheen seeks to raise are wholly frivolous. **Id.** at 6-7. We thus turn our attention to the issue that Counsel raised in the **Anders** brief: "Whether the sentence imposed by the Court, pursuant to the negotiated plea agreement, was illegal?" **Anders** Brief at 3.

### Legality of Sentence

Shaheen argues that the trial court imposed an illegal sentence by exceeding the statutory limits. **Id.** at 6. The law is clear that "[i]f no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. When the legality of a sentence is at issue on appeal, the standard of review is de novo and the scope of review is plenary." **Commonwealth v. Prince**, 320 A.3d 698, 700 (Pa. Super. 2024) (citation omitted).

---

[4] Counsel initially failed to advise Shaheen of his right to proceed pro se. **See** Letter, 12/8/2025. This Court issued an Order directing Counsel to advise Shaheen of his "immediate right to proceed pro se" or with privately retained counsel. Order, 1/20/2026. In response, Counsel sent Shaheen a new letter informing him of his rights.

The record reflects that Shaheen pled guilty to three charges. First, he pled guilty to aggravated assault, which was graded as a first-degree felony, for which the statutory maximum sentence is twenty years in prison. **See** 18 Pa.C.S. § 1103(1). The trial court sentenced Shaheen to ten to twenty years in prison—within the statutory limit.

Next, Shaheen pled guilty to aggravated assault, which was graded as a second-degree felony. The statutory maximum sentence for a second-degree felony is ten years in prison. **Id.** § 1103(2). The trial court sentenced Shaheen to five to ten years in prison, which was within the statutory limit.

Finally, Shaheen pled guilty to carrying a firearm without a license, which was graded as a third-degree felony. The maximum sentence for a third-degree felony is seven years in prison. **Id.** § 1103(3). The trial court sentenced Shaheen to two to four years in prison—below the statutory limit.

The sentence imposed was within the permissible statutory range. Thus, we agree with Counsel that any challenge to the legality of the sentence imposed would be frivolous.

### Discretionary Aspects of Sentencing

Shaheen also contends that he was "entitled to a sentence within the standard sentencing guidelines." **Anders** Brief at 6-7. This claim implicates the discretionary aspects of his sentence. **See Commonwealth v. Moury**, 992 A.2d 162, 169 (Pa. Super. 2010) (recognizing that a claim that the trial

court should have imposed a lesser sentence implicates the discretionary aspects of sentencing).

> The right to appellate review of the discretionary aspects of a sentence is not absolute and must be considered a petition for permission to appeal. To invoke this Court's jurisdiction to review a challenge to the discretionary aspects of a sentence, an appellant must satisfy a four-part test:
>
> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post-sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

*Commonwealth v. Rivera*, 312 A.3d 366, 376-77 (Pa. Super. 2024) (citations, brackets, and quotation marks omitted).

Our review of the record shows that Shaheen has filed a timely notice of appeal. Shaheen, however, failed to preserve this issue at sentencing or in a post-sentence motion. Therefore, Shaheen has waived his claim. *See Commonwealth v. Malovich*, 903 A.2d 1247, 1251 (Pa. Super. 2006) (stating that appellant waived his discretionary sentencing claim by failing to raise it at sentencing or in a post-sentence motion). Accordingly, this claim is also frivolous. *See Commonwealth v. Cook*, 175 A.3d 345, 350 (Pa. Super. 2017) (finding that waived issues raised on appeal are frivolous).

Our independent review of the record reveals no non-frivolous issues that Counsel omitted. *See Dempster*, 187 A.3d at 272. We therefore grant Counsel's petition to withdraw and affirm Shaheen's judgment of sentence.

Petition to withdraw granted.  Judgment of sentence affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/17/2026