J-A15045-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : IN THE SUPERIOR COURT OF<br>:       PENNSYLVANIA |
| v. | : |
| TYRONE DYVON SAVAGE, JR. | : |
| Appellant | : No. 1388 MDA 2025 |

Appeal from the Judgment of Sentence Entered September 4, 2025
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0001232-2024

BEFORE:   KUNSELMAN, J., LANE, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED JUNE 22, 2026**

Appellant, Tyrone Dyvon Savage, Jr., appeals from the judgment of sentence imposed by the Court of Common Pleas of Schuylkill County after he entered a negotiated guilty plea to simple assault.[1]  His counsel has filed a brief pursuant to **_Anders v. California_**, 386 U.S. 738 (1967), along with a petition to withdraw as counsel.  Upon review, we affirm and grant counsel's request to withdraw from representation.

On March 12, 2024, Appellant, while serving a life imprisonment sentence in a Beaver County criminal matter, met with a correctional facility employee, Rhonda Adamcik, "to go over a misconduct at the facility," at which

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 2701(a)(1).

time he struck Ms. Adamcik on her head with a name placard, causing her to sustain bodily injury. **See** N.T. Guilty Plea/Sentencing Hearing, 9/4/25, 7-9.

After Appellant appeared in court for a scheduled trial on September 4, 2025, he entered his guilty plea to simple assault of Ms. Adamcik. **See** N.T. Guilty Plea/Sentencing Hearing, 9/4/25, 4. In exchange for the plea, the Commonwealth agreed to recommend a sentence of one to two years' imprisonment, to be served consecutive to Appellant's life imprisonment term in his Beaver County criminal matter (CP-04-CR-0002232-2016), and *nolle prosse* additional charges for aggravated assault – attempt to cause or causes serious bodily injury to a designated individual, assault by a life prisoner, and assault by a prisoner on a correctional facility employee.[2] **See id.** at 6-7, 11; Trial Court Docket, 2-3 ("Disposition Sentencing/Penalties"). On the same date, the plea court imposed the agreed-upon sentence and assessed court costs and fees including: (1) $50.00 for the "cost of prosecution," to be paid to the "Criminal Justice Enhancement Account"; (2) $250.00 as an associated fee for the submission of a DNA sample; and (3) $100.00 to be paid to the "Crime Victim's Compensation Fund." N.T. Guilty Plea/Sentencing Hearing, 9/4/25, 10; Order (sentencing), 9/4/25, 1. Appellant did not file a post-sentence motion.

---

[2] 18 Pa.C.S. §§ 2702(a)(2), 2704, and 2703(a)(1)(ii), respectively.

On October 6, 2025, the plea court docketed a timely notice of appeal filed by Appellant.[3]  **See** *Pro Se* Notice of Appeal, 10/6/25, 1.  Appellant and the plea court have both satisfied their obligations under Pennsylvania Rule of Appellate Procedure 1925.  **See** Order (Rule 1925), 10/7/25, 1; Rule 1925(b) Statement, 11/3/25, 1; Plea Court Opinion, 11/20/25, 1-2.  Counsel in the Rule 1925(b) statement identified an issue, that is addressed herein, and noted in a footnote that he intended to file an **Anders** brief.  **See** Rule 1925(b) Statement, 11/3/25, 1 & n.1.  Appellant's counsel has now filed an **Anders** brief for our review, along with a petition to withdraw as counsel.  Appellant has not filed any response with this Court in connection with either the **Anders** brief or the petition to withdraw as counsel.

Counsel's **Anders** brief presents the following question for our review:

> Can the sentencing court assess costs without that being specifically agreed to as part of the plea agreement?

**Anders** Brief, 7.

As a preliminary matter, "we must first consider counsel's petition to withdraw from representation."  **Commonwealth v. Watts**, 283 A.3d 1252,

---

[3] Because the thirty-day deadline for filing a timely notice of appeal fell on Saturday, October 4, 2025, Appellant would have had until Monday, October 6, 2025, to file the notice.  **See** Pa.R.A.P. 107 (incorporating by reference the rules of construction in the Pennsylvania Rules of Judicial Administration including Pa.R.J.A. 107(a)-(b), relating to computation of time for the rule of construction relating to the exclusion of the first day and inclusion of the last date of a time period and the omission of the last day of a time period which falls on Saturday, Sunday, or a legal holiday).

1254 (Pa. Super. 2022). Counsel who believes an appeal is frivolous and seeks to withdraw from representation under *Anders* must:

> (1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) furnish a copy of the *Anders* brief to the appellant; and (3) advise that he or she has the right to retain private counsel or raise additional arguments that the appellant deems worthy of the court's attention.

*Commonwealth v. Gabra*, 336 A.3d 1052, 1056 (Pa. Super. 2025) (citation omitted; some parentheses added). In *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009), our Supreme Court set forth clear standards for the content of the *Anders* brief, requiring that the brief:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Once counsel has satisfied the *Anders* requirements, this Court has a duty to conduct its own review of the trial court's proceedings and make an independent determination whether the appeal is wholly frivolous. *See Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*).

Upon our review, we conclude that counsel has complied with the *Anders* standard for withdrawal. Counsel has filed a brief providing a summary of the case including the procedural history and facts of the case

with citations to the notes of testimony for Appellant's combined guilty plea and sentencing hearing. *See Anders* Brief, 7-10. The brief cogently addresses an issue that Appellant referenced in his *pro se* notice of appeal, discussing whether the trial court could assess him to pay court costs where the costs were not addressed in his plea agreement, and counsel supports his discussion of that claim with references to the notes of testimony from the combined guilty plea and sentencing hearing and supporting law. *See id.* at 13-15; *see also Pro Se* Notice of Appeal, 10/6/25, 1. Counsel also explains that a hypothetical challenge to the court's imposition of fees and court costs would be meritless because the plea court would have lacked the discretion to waive mandatory fines or costs. *See Anders* Brief, 13-14. Moreover, counsel has filed a petition to withdraw from representation referencing an attached letter addressed to Appellant at SCI-Camp Hill,[4] in which counsel advised Appellant of his "right to retain new counsel, proceed *pro se*, or raise any additional points that [he] deem[s] worthy of th[is] Court's attention." Petition for Leave to Withdraw as Counsel, 3/6/26, ¶ 16 & Attached Letter to Appellant, 3/6/26, 1. As counsel has complied with the mandated procedures for withdrawal from representation, we may proceed with substantive review.

_____

[4] The plea court's docket identifies Appellant's placement at SCI-Camp Hill as "known as of" February 24, 2025. *See* Plea Court Docket, CP-54-CR-0001232-2024, 2 ("Confinement Information"). That is consistent with our review of Appellant's present profile on the Department of Corrections' online inmate locator database. *See* Pennsylvania Department of Corrections Inmate/Department Supervised Individual Locator, available at https://inmatelocator.cor.pa.gov/.

The issue that counsel addresses is whether the plea court had the authority to impose court costs where the plea agreement reached by the parties was silent as to an assessment of costs. "[F]ines and costs are 'penal sanctions' arising from a criminal conviction. As a form of 'punishment,' the imposition of costs amounts to a part of the judgment of sentence." *Commonwealth v. Larsen*, 682 A.2d 783, 794 (Pa. Super. 1996). A challenge to a court's authority to impose court costs implicates the legality of a sentence. *See Commonwealth v. Robinson*, 7 A.3d 868, 870 (Pa. Super. 2010) ("an attack upon the power of a court to impose a given sentence is a challenge to the legality of a sentence"); *Commonwealth v. Garzone*, 993 A.2d 1245, 1255 (Pa. Super. 2010) ("inasmuch as [Garzone's] argument is premised upon a claim that the trial court did not have the authority to impose the courts at issue, [Garzone] has presented a legality of sentencing claim").

Appellant did not waive a challenge to the legality of his sentence by virtue of entering his guilty plea, and we may address this claim regardless of whether it was preserved before the plea court. *See Commonwealth v. Seals*, 353 A.3d 747, 759 (Pa. Super. 2026) (*en banc*) ("A challenge to the legality of a sentence can be appealed as of right and cannot be waived[.]"); *Commonwealth v. Morrison*, 173 A.3d 286, 290 (Pa. Super. 2017) ("Generally, a plea of guilty amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea.") (citation omitted).

"When the legality of a sentence is at issue on appeal, our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Prince***, 320 A.3d 698, 700 (Pa. Super. 2024) (citation omitted).

The Sentencing Code requires a court to impose court costs pursuant to 42 Pa.C.S. § 9721(c.1), which provides:

> **(c.1) Mandatory payment of costs.**--Notwithstanding the provisions of section 9728 (relating to collection of restitution, reparation, fees, costs, fines and penalties) or any provision of law to the contrary, in addition to the alternatives set forth in subsection (a), **the court shall order the defendant to pay costs**. In the event the court fails to issue an order for costs pursuant to section 9728, **costs shall be imposed upon the defendant under this section**. No court order shall be necessary for the defendant to incur liability for costs under this section. The provisions of this subsection do not alter the court's discretion under Pa.R.Crim.P. 706(C) (relating to fines or costs).

42 Pa.C.S. § 9721(c.1) (emphasis added; footnote omitted). Section 9728(b.2), shares the same title as Section 9721(c.1) and provides:

> **(b.2) Mandatory payment of costs.**--Notwithstanding any provision of law to the contrary, in the event the court fails to issue an order under subsection (a) imposing costs upon the defendant, the defendant shall nevertheless be liable for costs, as provided in section 9721(c.1), unless the court determines otherwise pursuant to Pa.R.Crim.P. No. 706(C) (relating to fines or costs). The absence of a court order shall not affect the applicability of the provisions of this section.

42 Pa.C.S. § 9728(b.2). "The clear import of both of these sections is to make it mandatory for a defendant to pay costs of prosecution, even in the absence of a court order imposing those costs." ***Commonwealth v. Lopez***, 248 A.3d 589, 594 (Pa. Super. 2021) (*en banc*).

The trial court of course had the authority to impose court costs because it was required to do so pursuant to 42 Pa.C.S. § 9721(c.1). Even if the court had not ordered the imposition of court costs pursuant to 42 Pa.C.S. § 9721(c.1), 42 Pa.C.S. § 9728(b.2) makes clear that Appellant would have inevitably been liable for the costs even if the court did not specifically order their imposition. The only discretion left to a sentencing court is in determining the "amount and method of payment" of such costs, with due consideration of the financial burden on the defendant. Pa.R.Crim.P. 706(C).[5]

To the extent that Appellant would suggest that his plea agreement did not include an agreement as to the imposition of court costs, we note that the certified record refutes that assertion. A memorandum of plea agreement in the record, signed by Appellant and the counsel for the parties, includes a notation that Appellant is liable for court costs with the following: "$50 CJFD $250 DNA $100 CVC." Memorandum of Plea Agreement, 9/4/25. Appellant also acknowledged this part of the plea agreement in his oral guilty plea colloquy, as follows:

> [THE COURT:]    Additionally, the plea agreement says you'll pay the cost of prosecution $50 – well, it doesn't say cost of prosecution but that is a requirement that comes with any

---

[5] Appellant did not request the court to exercise its discretion pursuant to Rule 706(C). Accordingly, any appellate claim based on the amount or structure of payment of costs is unreviewable. *See Commonwealth v. Gibbs*, 981 A.2d 274, 282-283 (Pa. Super. 2009) ("issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived") (internal brackets and citation omitted).

sentence, the cost of prosecution. You'll pay $50 to the Criminal Justice Enhancement Account, submit a DNA sample and pay a fee of $250; pay $100 to the Crime Victim's Compensation Fund. And is that what you understand the plea agreement to provide?

[APPELLANT:]     Yes, ma'am.

N.T. Guilty Plea/Sentencing Hearing, 9/4/25, 7.

Appellant inevitably agreed to the imposition of court costs by signing the plea agreement memorandum and, in any event, the plea court had the authority to impose the costs as part of his judgment of sentence. We thus conclude that the imposition of court costs neither rendered Appellant's sentence illegal nor provided him any grounds for challenging the voluntariness of his guilty plea.

We agree with Appellant's counsel that the issue Appellant wanted him to address lacks merit. Upon our independent review of the record, we fail to discern any non-frivolous claims that Appellant could have raised on direct review. He raised no challenges to the voluntariness of his guilty plea at his plea hearing and did not file any post-sentence motions in which he could have challenged the voluntariness of his plea. He thus waived any such challenge. *See Commonwealth v. Lincoln*, 72 A.3d 606, 609-10 (Pa. Super. 2013) ("A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing."). We also fail to find any grounds for a challenge to the legality of Appellant's sentence where his one-to-two-year imprisonment term fell within the two-year legal maximum for simple assault as a misdemeanor of the second degree. *See* 18 Pa.C.S. § 1104 (setting a

two-year imprisonment maximum for misdemeanors of the second degree); 18 Pa.C.S. § 2701(b) (grading simple assault as a misdemeanor except for two circumstances which do not apply in Appellant's case). Lastly, we discern no grounds from the record for challenging the jurisdiction of the plea court.

After conducting a full examination of the proceedings as required, we conclude that there are no non-frivolous claims to be raised on Appellant's behalf on direct appeal. We therefore grant counsel's petition to withdraw as counsel and affirm Appellant's judgment of sentence.

Petition to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/22/2026